**Leven BURCHETT, Plaintiff-Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 76–2667.**

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1978.

Decided May 23, 1978.

Albert A. Burchett, Burchett, Burchett & Burchett, Prestonsburg, Ky., for plaintiff-appellant.

Eldon L. Webb, U. S. Atty., Richard E. Duerr, Jr., William M. Brown, Asst. U. S. Attys., Lexington, Ky., for defendant-appellee.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Claimant Burchett appeals from denial of black lung disability benefits claimed under 30 U.S.C. §§ 901 *et seq.* (Supp. V 1975). His claim was rejected by the Administrative Law Judge, who held that in spite of undisputed testimony that claimant had worked 40 years as a miner, had left work in the mines in 1963 due to shortness of breath, and in 1975 at the time of the hearing, was 69 years old, plaintiff was not entitled to any presumption of total disability due to silicosis under 30 U.S.C. § 921(c)(4) (Supp. V 1975) and 20 C.F.R. §§ 410.490(b)(1)(i)–(ii)(3) (1977).

The facts as found by the Administrative Law Judge, as distinguished from his evaluation of the evidence, are stated in full as follows:

SUMMARY OF THE EVIDENCE

The claimant testified that he is 69 years of age and worked for about 40 years as a

miner. Most of his work was done inside the mines in a dusty environment. He last worked in the mines in 1963 when he became short of breath and was unable to get a job in the mines. He stated that he coughs, smothers, gets short of breath, and has trouble walking and sleeping because of his condition. A copy of the miner's pension card has been included in the record to establish that he worked as a coal miner for at least 20 years. Evidence of record shows that he has not worked since 1967.

A chest x-ray made on September 2, 1970, has been interpreted by Dr. Arthur E. Levy, a Board-certified radiologist with a subspecialty in therapeutic radiology and a certified reader of coal miner's chest x-rays, as showing pneumoconiosis 1/1 s or t (Exhibit 11). This x-ray was reread twice by Dr. Paul S. Wheeler, a Board-certified specialist in radiology and a certified "B" reader of coal miner's chest x-rays. On January 5, 1973, Dr. Wheeler reread the film as showing pneumoconiosis type 0/1 p with probable old tuberculosis (Exhibit 13); and on September 16, 1973, he interpreted this film as being completely negative (Exhibit 17). Dr. Myron Moskowitz, a Board-certified specialist in radiology and a certified "B" reader of coal miner's chest x-rays interpreted this film as showing opacities suggestive of active clinically significant tuberculosis and pneumoconiosis 0/0 (Exhibit 15). In 1974 this same chest x-ray was reread by both Dr. Maria A. Strong and Dr. Joseph G. Rosenstein. Dr. Strong, a Board-certified specialist in radiology and a certified "B" reader of coal miner's chest x-rays, interpreted the film as being completely negative (Exhibit 18). Dr. Rosenstein, a specialist in radiology and a certified "B" reader of coal miner's chest x-rays, interpreted the film as being negative for pneumoconiosis but as showing opacities suggestive of active clinically significant tuberculosis (Exhibit 20).

The claimant performed a ventilatory function study on October 4, 1970, and the results were interpreted by Dr. Richard P. O'Neill, a specialist in pulmonary diseases as being a normal study. The values recorded showed the claimant to be 66.5 inches tall with an FEV-1 value of 3.07 liters and an MBC (MVV) value of 101.42 liters per minute (Exhibit 23).

On March 29, 1971, the claimant was examined by Dr. Lowell D. Martin, a Board-certified specialist in family practice and a certified reader of coal miner's chest x-rays. This examination revealed the claimant to be short of breath and to have stage 3/2 q, S 1/1 silicosis based on the interpretation of chest x-ray dated March 15, 1971 (Exhibit 25). This x-ray was reread by Dr. Joseph G. Rosenstein, with the high qualification of "B" reader, as showing no pneumoconiosis but as having opacities suggestive of active clinically significant tuberculosis (Exhibit 27). The results of chest x-ray and a ventilatory function study performed by the claimant in April 1971 have been submitted. Dr. William F. Clarke, a specialist in internal medicine, has interpreted this x-ray as showing pneumoconiosis 2/3 p q, and minimal emphysema; the complete results from the ventilatory function study (appropriate tracings not included) have not been submitted. The values given, however, show this to be an individual who is 67.5 inches tall with a forced vital capacity value of 2.4 liters compared to a predicted value of 3.92 liters. The values for the measured FEV-1 and MVV have not been noted, but Dr. Clarke stated that the measured FEV-1 was typical of obstructive pulmonary disease. The chest x-ray and the ventilatory tracings were, however, not available and further evaluation of these tests could not be obtained (Exhibit 28).

At the hearing the claimant's attorney requested that the record be held open for 30 days to allow him to submit additional medical reports; the undersigned requested that appropriate x-ray films to support the claimant's allegations of disability also be submitted within this time. The medical reports have been received and have been made a part of the evi-

dence considered in this claim, but the x-ray film has not been received. In light of the fact that more than two months have elapsed since the date of the hearing, a decision is being issued on the basis of the evidence now of record.

Evidence received since the hearing shows that the claimant was examined by Dr. Frank T. Varney on March 28, 1975. The chest x-ray performed on that date was interpreted by Dr. Varney as showing coal worker's pneumoconiosis, class 2/2 q; the results from the ventilatory function study show the claimant to be 68 inches tall with an FEV-1 value of 2.15 liters and an MVV value of 39.0 liters per minute. The blood gas study which Dr. Varney interpreted as showing moderate hypoxemia revealed an arterial O saturation of 94.2 percent (Exhibit 32).

We believe that the facts established in this record clearly show appellant's entitlement to a rebuttable presumption of total disability due to pneumoconiosis and that the evidence relied upon by the Administrative Law Judge, consisting of negative X-ray readings by doctors who never examined appellant, does not serve to rebut the presumption under this court's decisions in *Mefford v. Gardner*, 383 F.2d 748, 759–60 (6th Cir. 1967); *Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir. 1971); and *Ansel v. Weinberger*, 529 F.2d 304, 310 (6th Cir. 1976).

The judgment of the District Court is vacated and the case is remanded to the District Court for remand to the Secretary of Health, Education and Welfare for payment of benefits.