**James E. CUNNINGHAM,**
**Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 78–3135.

United States Court of Appeals, Sixth Circuit.

Submitted Nov. 29, 1978.

Decided Dec. 27, 1978.

Ronald K. Bruce, Madisonville, Ky., for plaintiff-appellant.

Albert Jones, U. S. Atty., David N. Everett, James H. Barr, Barry L. Master, Louisville, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

James E. Cunningham, a former coal miner, appeals from the summary judgment of the district court affirming the denial of black lung benefits by the Secretary. The appeal was submitted on briefs without oral argument by stipulation of the parties.

We hold that the Secretary failed to apply properly the rebuttable presumption of total disability due to pneumoconiosis provided by the statute and regulations and reverse on authority of *Dickson v. Califano*, 590 F.2d 616 (6th Cir. 1978); *Hubbard v.*

*Califano,* 582 F.2d 319 (4th Cir. 1978); *Burchett v. Mathews,* 575 F.2d 1189 (6th Cir. 1978); *Prokes v. Mathews,* 559 F.2d 1057 (6th Cir. 1977); *Morris v. Mathews,* 557 F.2d 563 (6th Cir. 1977); and *Ansel v. Weinberger,* 529 F.2d 304 (6th Cir. 1976).

Appellant filed his application for black lung benefits on October 26, 1971. He testified that he was 51 years of age and has four children who are dependent upon him for their support. He did not complete the eighth grade and has not received any type of vocational training. He testified that between 1940 and 1969 he worked approximately 21 years as a coal miner at or near the face of the mine where he was exposed to large concentrations of coal dust. His itemized statement of earnings filed in the record lists a number of coal mines for which he worked, beginning with the R. L. Brown Coal Mines in Providence, Kentucky, in 1940 and the Princeton Mining Co. of Princeton, Indiana, in 1942–43. He has not performed any type of work since March 31, 1969, when he had to cease his employment as a miner.

Appellant testified that he first began noticing difficulty with his breathing in 1969 and that his breathing problems gradually became worse. He further stated that he has shortness of breath at all times. He further stated that even walking causes a heightened shortness of breath, as well as coughing and weakness.

The record shows that appellant is drawing Social Security disability benefits and that he was awarded State Workmen's compensation benefits based upon disability due to pneumoconiosis.

Dr. Wallas N. Bell, appellant's treating physician since 1969, stated that appellant's chest X-ray showed pulmonary changes compatible with pneumoconiosis.

Dr. William G. West, Jr. examined appellant on May 1, 1973, and obtained a chest X-ray. He reported that appellant's present endurance is approximately one city block of walking at a normal pace after which he must stop and get his breath. Dr West also found that appellant suffers from a chronic cough accompanied by copious sputum expectoration. Dr. West concluded:

Because of the above data, it is my impression that this man is totally and permanently disabled to do any type of physical labor requiring exertion such as coal mining, and that the cause of this shortness of breath is pneumoconiosis. It is also my opinion that this pneumoconiosis is caused from long term exposure to inhalation of high concentrations of coal dust.

Dr. Neal Calhoun examined appellant on November 27, 1973, and concluded as follows:

The final summations of this patients pulmonary condition from the History, Physical Examination, Chest X-rays and Pulmonary Function studies indicate quite clearly to us that this patient has marked pulmonary disease . . . the drastic reduction of his pulmonary function, his physical findings and his x-ray findings when corelated with the patients medical history indicate beyond any doubt that this patient has pneumoconiosis that developed from coal mining in Western Kentucky. The patient is totally disabled as a result of pneumoconiosis; and possibly he may have corpulmonale and arteriosclerotic heart disease, but regardless of what other illnesses he may have, he is totally and permanently disabled from pneumoconiosis that developed from coal mining in Western Kentucky. Pneumoconiosis is incurable, it can only be treated symptomatically with bronchial dilators, expectorants, antibiotics, interpositive pressure breathing and a few other methods. The patient will continue to deteriorate even though he has been removed from the environment that produced this occupational injury to his lungs. [Spelling as in original].

Dr. Robert Powell examined Mr. Cunningham on August 30, 1973, and concluded appellant suffers from "Category II coal workers pneumoconiosis."

Dr. Bell, Dr. West, Dr. Calhoun, and Dr. Powell were the only physicians who conducted examinations of appellant. Four doctors who read the X-rays interpreted

them as diagnostic of pneumoconiosis. The administrative law judge and Appeals Council based their determination largely upon negative X-ray interpretations made by three other doctors.

Both the administrative law judge and the Appeals Council referred to the rebuttable presumption in favor of coal miners who have worked ten years or more in the mines, as set forth in 30 U.S.C. § 921(c)(3). The Appeals Council specifically held that the X-rays and ventilatory functions studies failed to establish the existence of pneumoconiosis under 30 U.S.C. § 921(c)(3). The claimant testified that he was employed "anywhere from 20 to 21 years" in coal mines and the record establishes that he worked in the mines more than fifteen years. Neither the administrative law judge nor the Appeals Council considered the rebuttable presumption in favor of miners who have worked 15 years or more in the mines, created by 30 U.S.C. § 921(c)(4). The presumption applies only to miners whose X-rays are interpreted as negative for pneumoconiosis. Having thus interpreted Mr. Cunningham's X-rays, it was the duty of the administrative law judge and the Appeals Council to determine whether he had established the existence of presumed pneumoconiosis. *Ansel v. Weinberger, supra,* 529 F.2d 304.

It appears from the decision of the Appeals Council that the Secretary relied on Social Security Ruling 73–37 in concluding that Mr. Cunningham had failed to establish his entitlement to benefits. Reliance on that ruling to limit the ability of a miner to establish his claim by "other relevant evidence" is error. *Prokes v. Mathews, supra,* 559 F.2d at 1062. See also *Hubbard v. Califano, supra.*

Every treating and examining physician stated that Mr. Cunningham showed clinical signs of pneumoconiosis. Two of these medical witnesses stated that the claimant was totally and permanently disabled from coal mining work by reason of pneumoconiosis. No medical witness contradicted this testimony. In *Ansel v. Weinberger, supra,* 529 F.2d at 309, we held that there was no substantial evidence to support a finding of the Secretary that a miner was not entitled to benefits when the treating physician stated unequivocally that the claimant was totally disabled for work in coal mines and this statement was not contradicted by any other medical witness. On the record before us, it is similarly clear that the claimant established his total disability. Though Mr. Cunningham has a history of heart disease, every medical witness who expressed an opinion on the cause of his disability attributed it to pulmonary impairment brought about by his work in coal mines. Under these circumstances he has established his entitlement to the rebuttable presumption of 30 U.S.C. § 921(c)(4) and 20 C.F.R. § 410.414. The Secretary may not rely on negative X-rays or pulmonary function studies to rebut the presumption that the claimant is totally disabled due to pneumoconiosis. *Ansel v. Weinberger, supra,* 529 F.2d at 309–10.

The judgment of the district court is reversed, and the case is remanded to the district court for further remand to the Secretary with directions to enter an order awarding benefits.