John SINGLETON, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 77–1066.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1978.

Decided Jan. 26, 1979.

**384**

Alva A. Hollon, Jr., Hollon, Hollon & Hollon, Hazard, Ky., for plaintiff-appellant.

Patrick H. Molloy, U. S. Atty., Lexington, Ky., William M. Brown, Richard E. Duerr, Jr., Lexington, Ky., for defendant-appellee.

Before ENGEL and KEITH, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Plaintiff appeals from a judgment of the district court affirming the Secretary's denial of his claim for black lung benefits. We reverse and remand for payment of benefits.

Appellant, John Singleton, worked in the nation's coal mines for over 26 years with the exception of a stint with the Navy during World War II. In early 1952, he was severely injured in a mine accident when a large chunk of slate fell on him, crushing his pelvic bones and breaking his back. He has not worked since then, but has survived on his miners pension, veterans benefits, and social security disability payments. He now claims that he is also eligible for Black Lung benefits.

Earlier decisions of this court have outlined the statutory scheme of the Black Lung Benefits Act, 30 U.S.C. § 901 et seq.[1] The issue presented in this appeal is whether appellant established eligibility for benefits under the rebuttable presumption contained in 30 U.S.C. § 921(c)(4):

". . . If other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis. . . . The Secre-

tary may rebut such presumption only by establishing that, (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory impairment did not arise out of, or in connection with, employment in a coal mine."

Inasmuch as the Secretary concedes that he presented no evidence sufficient to rebut the presumption, the sole question raised is whether the Secretary properly ruled that appellant was not entitled to the presumption in the first place.

The Administrative Law Judge weighed the evidence, and concluded that appellant was not entitled to the rebuttable presumption. The ALJ initially found that the preponderance of the X-ray evidence showed that appellant did not have pneumoconiosis. Next, the ALJ concluded that the ventilatory functions studies performed on appellant tended to support the negative X-ray evidence. Finally, the ALJ pointed to medical evidence from the 1950's which did not indicate that appellant was suffering from any respiratory problems. He emphasized that appellant himself had testified that he was not ready to quit the mines at the time of his accident in 1952. The ALJ concluded that "a preponderance of the evidence shows that claimant's impairments are related to his back and hips rather than to his lungs; and thus the disability which he has is not due to any severe lung impairment."

Appellant testified that he labored in the coal mines for twenty-six (26) years, that he suffers chest pain and smothering spells, that he is under a doctor's care for his breathing problems and takes medication for them. He also testified that he has had a persistent cough for ten to fifteen years, experiences shortness of breath and has difficulty sleeping at night. His wife, a neighbor and a former co-worker corroborated the above testimony. Appellant's personal physician unequivocally stated that Mr. Singleton was permanently disabled due to chronic lung disease. In summary, appellant argues that (1) the uncontradicted lay

---

1. E. g. *Gastineau v. Mathews*, 577 F.2d 356 (6th Cir. 1978); *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir. 1976). *See also Gober v. Matthews*, 574 F.2d 772 (3d Cir. 1978); *Superak v. Califano*, 450 F.Supp. 70 (S.D.N.Y.1978).

testimony and (2) the affirmative testimony of his doctor is sufficient to invoke the rebuttable presumption in question.

■ Under the statute, the critical question is whether appellant is suffering from a "totally disabling respiratory or pulmonary impairment . . ." The ALJ's citation of medical tests performed upon appellant in the 1950s to offset contrary medical evidence from the 1970s was disingenuous. Whether appellant had a chronic respiratory condition in the 1950s is not irrelevant in determining whether he suffers from a respiratory condition now; but such stale evidence cannot be used to offset unequivocal medical testimony that as of 1973, appellant was totally disabled because of a respiratory impairment.[2]

It is clear that the cornerstone of the ALJ's decision was reliance on SSR 73–37, which permits an inference to be drawn that where X-ray and ventilatory test findings do not demonstrate the presence of pneumoconiosis or a chronic respiratory or pulmonary impairment, that the claimant is not totally disabled due to such cause. The ALJ made the unsupported assertion that the Secretary's X-ray and ventilatory test criteria are very liberal and that the adverse inference to be drawn if a miner did not meet the criteria is "a strong one."

■ The ALJ's heavy reliance on SSR 73–37 was erroneous. SSR 73–37 has been strongly criticized by the courts because it permits the Secretary to deny Black Lung benefits solely on the basis of negative or inconclusive X-ray or ventilatory study evidence, thus defeating the very purposes for which the § 921(c)(4) presumption was enacted in the first place.[3] *See Gober v. Matthews,* 574 F.2d 772, 778 (3rd Cir. 1978); *Schaaf v. Matthews,* 574 F.2d 157, 160 n. 11 (3rd Cir. 1978); *Bozwich v. Mathews,* 558 F.2d 475, 479–480 (8th Cir. 1977). This circuit has not invalidated SSR 73–37, but has indicated that great care must be taken in its application. *Prokes v. Mathews,* 559 F.2d 1057, 1060–62 (6th Cir. 1977).

This case demonstrates the dangers of relying too heavily on SSR 73–37. Not only was appellant's lay and medical evidence uncontradicted, the X-ray evidence relied upon by the ALJ, if anything, corroborated the existence of a pulmonary impairment. Two doctors read appellant's X-rays as indicating 1/o coal worker's pneumoconiosis.[4] Although three other doctors read the X-ray evidence as negative for pneumoconiosis, the reading of two of these doctors was entirely consistent with the existence of a pulmonary condition.

We are of the opinion that appellant was entitled to the rebuttable presumption of

**2.** Total disability within the meaning of the Black Lung Act is not as strict as total disability under the Social Security Act. The former requires inability to perform previously engaged-in mining work, the latter requires inability to engage in any kind of gainful work. *Compare* 30 U.S.C. § 902(f) *with* 42 U.S.C. § 423(d)(1). In addition, eligibility for Black Lung benefits is premised on a miner's suffering from pneumoconiosis; social security benefits are not premised on any particular impairment. *Compare* 30 U.S.C. § 921(a) *with* 42 U.S.C. § 423(d)(3). It is thus entirely possible that a miner will be eligible for one, the other, or both kinds of benefits. In the instant case, plaintiff's lay testimony and medical evidence indicated that his respiratory problems were independently disabling, regardless of the orthopedic difficulties.

**3.** It is significant that the Senate Report accompanying the 1972 Amendments to the Federal Coal Mine Health and Safety Act expressed dismay that "the Act is not benefitting many of the nation's coal miners who Congress intend-

ed to benefit." The report went on to condemn the use of X-rays and ventilatory capacity tests which, by themselves, were often inaccurate indicators of pneumoconiosis. S.Rep.92–743, 92d Cong., 1st Sess. (1972), *reprinted in* 1972 U.S.Code, Cong. & Admin.News, p. 2313, *also reprinted in Morris v. Mathews,* 557 F.2d 563, 568 (6th Cir. 1977).

**4.** The ALJ erroneously stated that Dr. John M. Dennis had found no pneumoconiosis. The Social Security Administration's Appeals Council found sufficient conflict in the X-ray evidence to bring in another reader, who stated that the X-rays did not indicate the existence of pneumoconiosis.

We note that under the recently adopted Black Lung Benefits Reform Act of 1977, the Secretary must accept an initial X-ray reading which is positive for pneumoconiosis, in the absence of fraud. *See* Pub.L.No.95–239, § 5(a); 92 Stat. 97 (*amending* 30 U.S.C. § 921 (1976)).

disability under *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir. 1976), and its progeny, *Cunningham v. Califano*, 590 F.2d 635 (6th Cir. 1978); *Dickson v. Califano*, 590 F.2d 616 (6th Cir. 1978). *Burchett v. Mathews*, 575 F.2d 1189 (6th Cir. 1978); *Morris v. Mathews*, 557 F.2d 563 (6th Cir. 1977). In *Ansel*, the court found that the claimant was entitled to the statutory presumption on lay and expert testimony similar to that before us here. *See Ansel* at 309. On the facts of this case the Secretary's determination to the contrary was unsupported by substantial evidence. We cannot allow the Secretary to eviscerate the § 921(a)(4) statutory presumption by relying on SSR 73–37.

Reversed and remanded for payment of benefits.