**Luther CONN, Plaintiff-Appellant,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 77–1634.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1979.

Decided May 2, 1980.

Albert A. Burchett, Burchett, Burchett & Burchett, Prestonsburg, Ky., for plaintiff-appellant.

Patrick H. Molloy, U. S. Atty., William M. Brown, Asst. U. S. Atty., Lexington, Ky., Joel J. Lerner, Atlanta, Ga., for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, CECIL, Senior Circuit Judge.

MERRITT, Circuit Judge.

This is an appeal from a denial of black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901, *et seq.*

Claimant Conn, a former coal miner, filed an application for black lung benefits on September 1, 1970. He submitted as evidence to the administrative law judge a diagnosis of pneumoconiosis (black lung) given by Dr. Arthur E. Levy, a Board-certified radiologist. This diagnosis was based on an X-ray taken on September 23, 1970. In addition, claimant submitted a medical report written by Dr. Frank T. Varney concluding from a physical examination and X-ray of April 9, 1973, that claimant suffered from black lung. In the report in response to the question, "*If the patient has chronic respiratory or pulmonary disease, what is your assessment of the severity of the impairment, and what functional limitations are present in your judgment?*", Dr. Varney answered, "*Would not recommend that he return to underground coal mining. Arduous manual labor could not be performed on sustained basis—light or sedentary work could be performed.*" (Emphasis added). Two pulmonary function studies showed breathing impairment although Dr. Varney, who conducted one of them, indicated that Conn's effort on that test was submaximal. Claimant himself testified that he experienced shortness of breath, coughing, wheezing and rumbling in his chest. He also testified that bending or stooping caused him pain.

Documents submitted by other physicians contradicted some of this evidence, interpreting the X-rays as giving no indication of black lung. These physicians did not examine the claimant. Two other pulmonary function studies showed values within a range which the regulations define as normal.

The administrative law judge, sifting through the provisions of the Act, denied the claim. He found that claimant had 15 years of mine employment but ruled that the contradictory testimony regarding the X-rays rendered inapplicable the rebuttable presumption of total disability that is provided to claimants who present certain types of proof of black lung. The administrative law judge also ruled that the claimant had failed to establish total disability under other Regulations (§§ 410.412–410.-462) because "a mere showing of a respiratory or pulmonary impairment shall not be sufficient to establish such entitlement." The District Court, on review of the administrative decision, adopted a Magistrate's recommendations that the claim be dismissed.

The claimant's testimony and the documents submitted by Dr. Varney demonstrate the existence of a totally disabling respiratory impairment that gives rise to the rebuttable presumption under § 921(c)(4).[1]

The sole evidence supporting the ALJ's finding denying the § 921(c)(4) presumption were the two negative pulmonary function studies and the negative X-ray readings. In *Morris v. Mathews,* 557 F.2d 563, 565–66 (6th Cir. 1977), this Court held that neither negative X-rays nor negative pulmonary function studies can be used by the Secretary to prevent the § 921(c)(4) 15-year presumption from arising. Likewise, such evidence fails to rebut the presumption. In *Ansel v. Weinberger,* 529 F.2d 304 (6th Cir. 1976), this Court stated:

It is obvious that the negative X-rays may not be relied upon to rebut the presumption of Section 921(c)(4). If he [the claimant] had been able to produce a positive X-ray, there would have been no need to invoke the presumption. The very existence of a negative X-ray is a prerequisite to reliance upon the presumption of pneumoconiosis as estab-

---

1. Section 921(c)(4) provides:

. . . If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if *other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment*, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis. . .

(emphasis added).

**230**

lished by other evidence. Furthermore, under the 1972 amendment, negative X-ray evidence may not be the sole basis for a denial of benefits. 30 U.S.C. § 923(b). Nor do we believe the presumption of Section 921(c)(4) can be rebutted by showing that pneumoconiosis was not established by pulmonary function studies. The regulation which establishes the levels required for a finding of disabling pneumoconiosis on the basis of a ventilatory study does not purport to provide proof of the nonexistence of pneumoconiosis. Once Claude Ansel produced evidence which entitled him to the presumption of Section 921(c)(4), that presumption could be rebutted only by establishing that he did not have pneumoconiosis, there being no contention that his impairment did not arise out of employment in the mines. In view of the unequivocal testimony of Dr. Bope, it appears that the Secretary would have been required at least to produce a medical opinion that Mr. Ansel did not have pneumoconiosis in order to rebut the presumption. No such testimony appears in this record. 529 F.2d at 309–10.

As was true in *Ansel*, there is no medical testimony in the Record that Mr. Conn does not have pneumoconiosis. Accordingly, the Secretary must award benefits.[2]

The Secretary argues that, instead of directing an award of benefits, we should remand in order to give her another opportunity to rebut the presumption. However, this Court has in the past directed awards in such circumstances. *See Singleton v. Califano*, 591 F.2d 383, 386 (6th Cir. 1979); *Cunningham v. Califano*, 590 F.2d 635, 637 (6th Cir. 1978); *Dickson v. Califano*, 590 F.2d 616, 623 (6th Cir. 1978); *Burchett v. Mathews*, 575 F.2d 1189, 1191 (6th Cir. 1978); *Morris v. Mathews*, 557 F.2d 563, 570 (6th Cir. 1977). We see no distinguishing circumstances here.

The judgment of the District Court is vacated and the case is remanded for entry of an award of disability benefits.

2. Because we order the award of benefits, we need not decide the retroactivity of the Black Lung Benefits Reform Act of 1977, Pub.L.No. 95–239, which establishes a more lenient burden of proof for claimants.