Inez **FREEMAN**, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; BENEFITS REVIEW BOARD,** Respondent.

No. 84–3493.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1985.

Decided Jan. 13, 1986.

Steven B. Horenstein, Lang, Horenstein & Dunlevey, Dayton, Ohio, Robert O'Neal (argued), for petitioner.

Benefits Review Bd., Mark Robson, J. Michael O'Neill, Jeffrey J. Bernstein (argued), Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before ENGEL and KEITH, Circuit Judges and COHN,* District Judge.

## PER CURIAM.

Inez Freeman petitions for review of an order of the Benefits Review Board of the United States Department of Labor denying her benefits as the widow of a coal miner under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1971 & Supp.1985). Mrs. Freeman claims that a treating physician's opinion as supported by lay testimony established a rebuttable presumption of disabling pneumoconiosis and that the Benefits Review Board's reversal of the administrative law judge's decision awarding benefits was erroneous.

Mrs. Freeman's husband, Archie Freeman, worked in the coal mines as a coal loader for more than fifteen years until 1953. He was then employed for a short time as first a construction worker and then a foundry worker. He worked the next ten or eleven years as a janitor. In June, 1967, Mr. Freeman died at the age of sixty-four years.

In July, 1970, Mrs. Freeman filed an application for black lung benefits as a surviving widow. Her application was denied initially and on reconsideration. After a hearing before an administrative law judge, benefits were again denied. After the 1977 amendments to the Black Lung Benefits Act, Mrs. Freeman's application was reopened for reconsideration. Her application was again denied initially, but after a hearing, Administrative Law Judge Rudolf L. Jansen (ALJ) awarded benefits on February 4, 1982, finding that under 20 C.F.R. § 727.203(a)(4) [1] the evidence established a presumption of her husband's total disability due to pneumoconiosis before his death. On May 7, 1984, the Benefits Review Board reversed the ALJ's decision. The Review Board found that the ALJ's decision was based upon a treating physician's medical report which did not reasonably support a conclusion of a totally disabling respiratory or pulmonary impairment. The Review Board's denial of benefits became the Secretary's final decision, and on June 28, 1984, Mrs. Freeman filed this action seeking review of that denial.

Upon a careful review of the medical record we agree that to the extent that the ALJ's decision was confined to the application of 20 C.F.R. § 727.203(a)(4), the Benefits Review Board was acting within the scope of its review under the Federal Mine Safety and Health Act of 1969, as amended by the Black Lung Benefits Reform Act of 1977, 30 U.S.C. §§ 901–903 and as embod-

---

* Honorable Avern Cohn, Judge for the United States District Court for the Eastern District of Michigan, sitting by designation.

1. This section provides in relevant part:
   § 727.203 Interim presumption.
   (a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled to pneumoconiosis at the time of death, or death will be pre-

sumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:

⋅ ⋅ ⋅ ⋅ ⋅

Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;

⋅ ⋅ ⋅ ⋅ ⋅

ied in 20 C.F.R. § 802.301 (1985), in concluding that "Dr. Coleman's medical report ... merely restates the medical history provided by the miner, including the recitation of dyspneic symptoms at the time of the miner's hospitalizations in 1960 and 1967.... As such his report cannot reasonably support a conclusion that the miner suffers from a totally disabled respiratory or pulmonary impairment." While we have held recently that determinations under section 727.203(a)(4) of whether a physician's report is sufficiently documented and reasoned is a matter of credibility left to the trier of fact, *Moseley v. Peabody Coal Co.*, 769 F.2d 357 (6th Cir.1985) (citing *Director v. Rowe*, 710 F.2d 251 (6th Cir. 1983)), the ALJ here was not faced with differing reports of several doctors but only with one medical opinion, that of Dr. Coleman. It reflected no diagnosis and none of the treatment prescribed was directed to pulmonary difficulties. Dr. Coleman's statement that "I feel this man did suffer from Black Lung Disease from his clinical history" is simply too conclusory to provide a substantial basis for his medical conclusions. Mr. Freeman died at the age of sixty-four of stomach cancer, some fourteen years after he last performed services in the mines. He smoked cigarettes all of his life and up to the time of his death. Other than a reference to dysnea, there is nothing in the clinical record which is directed toward any respiratory ailment of which we are aware. This, however, does not end the matter.

On review Mrs. Freeman urges that notwithstanding the foregoing she is entitled to the presumption established for the widows of miners who have been employed for fifteen years or more in one or more underground mines as set forth in 30 U.S.C. § 921(c)(4):

> (c) Presumptions
>
> For purposes of this section—
>
> \*     \*     \*     \*     \*     \*
>
> (4) If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection

with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis.

> \*     \*     \*     \*     \*     \*

The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine.

Unlike the regulation at 20 C.F.R. § 727.-203(a)(4), the statute enables claimants to establish the rebuttable presumption by introducing non-medical "other evidence."

The Director opposes the application of section 921(c)(4) in this case, arguing that its applicability cannot be raised initially before this court. The Director cites *Director, OWCP v. North American Coal Corp.*, 626 F.2d 1137 (3d Cir.1980), as authority for the proposition that matters not raised by the parties below may not be raised for the first time on appeal. This circuit has also embraced this rule. *See, e.g. Blevins v. Director, OWCP*, 683 F.2d 139, 143 (6th Cir.1982). However, Mrs. Freeman contends that "if 727.203 is the regulation implementing the presumption created by 30 U.S.C. Section 921(c)(4), then the Appellant should be able to raise it without precluding the application of 921(c)(4) on appeal. Reply br. at 9. She argues that she should not be precluded from invoking the statute because she proceeded before the agency under regulations promulgated under that statute. Mrs. Freeman does not suggest that Judge Jan-

sen considered section 921(c)(4) in the agency proceedings. However, on this appeal she "seeks review of the BRB's decision in light of not only the code sections promulgated by the Secretary of Labor, but also that section of the Act created by Congress and upon which the regulations are based." *Ibid.*

The Director's reliance upon *Blevins v. Director, supra,* is in our view misplaced. That decision merely held that neither the regulations of the Benefit Review Board nor the provisions of the Longshoremen and Harbor Workers Compensation Act, 33 U.S.C. §§ 901–944 (1976), permitted the Board to review appeals from decisions of the ALJ which were otherwise not timely filed. No claim is made that the appeals here were not timely in this sense. Instead, complaint is made that the specific question of application of the presumption of section 921(c)(4) cannot be first asserted in this court.

█ We believe it is the sense of the case law in this circuit that ALJs have a duty to determine whether claimants meet the requirements of section 921(c)(4) when the facts before them indicate that such requirements may be applicable to the case at hand. *See Smith v. Califano,* 682 F.2d 583, 586 (6th Cir.1982) (citing *Ansel v. Weinberger,* 529 F.2d 304, 309–10 (6th Cir. 1976) and *Cunningham v. Califano,* 590 F.2d 635, 637 (6th Cir.1978) (per curiam)). These cases involve the duty of the ALJ to consider "other evidence" as described under section 921(c)(4). Here the ALJ's determination was solely directed to 20 C.F.R. § 723.203(a)(4) and he therefore confined himself to the medical evidence before him. We agree with the Benefits Review Board that the medical evidence viewed alone was not adequate to support this conclusion. At the same time the ALJ did make credibility findings in favor of the widow and witnesses whose statements in support of the claimant's were introduced even though he appeared to recognize the limited nature of proofs under section 727.203. Judge Jansen invoked the interim presumption of section 727.203(a)(4) which applies to min-

ers who engage in coal mine employment for at least ten years. While he specifically found that the miner here had been engaged in underground mining in excess of fifteen years he did not proceed to analyze the claim under the more liberal provisions of 30 U.S.C. § 921(c)(4). That statutory provision is conditioned upon the existence of a "chest roentgenogram submitted in connection with such ... widow's ... claim ... and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection...." Dr. Coleman's letter of August 2, 1980 reports that "chest X-rays reveal no active inter-thorasic disease, although the patient can suffer from Black Lung Disease and X-Rays of the chest can be negative." It is plain that the X-rays were not taken in connection with complaints of a respiratory ailment but with those complaints which ultimately led to the diagnosis of carcinoma of the stomach. Nonetheless it is at least arguable that the X-rays reviewed were adequate to trigger the provisions of 30 U.S.C. § 921(c)(4).

█ The Director, while urging that we ought not consider application of the presumption of section 921(c)(4) of the Act for the first time on appeal, nonetheless, wisely we think, concludes that conflicting evidence of record precludes invocation of that section at this level by this court as a matter of law. If this is to be our decision, he urges that the case should be remanded to the ALJ for his consideration of the conflicting evidence of record. We quote from the Director's brief:

In *Dobbins v. Schweiker,* 641 F.2d 1354 (9th Cir.1981), the U.S. Court of Appeals for the Ninth Circuit held that in the case of a deceased miner, unrefuted lay testimony *may* be sufficient to invoke the section 411(c)(4) presumption as a matter of law. However, where, as here, the medical and lay evidence is conflicting on the issue of total disability attributable to a pulmonary condition, it is within the province of the ALJ as factfinder to weigh and resolve these inconsistencies. *U.S. Pipe & Foundry v.*

*Webb,* 595 F.2d 264 (5th Cir.1979). Even if the lay testimony were entirely consistent, it could not establish disability from pulmonary disease without consideration of the *medical* evidence which documents the miner's terminal condition of stomach cancer and does not support the existence of a chronic lung disease.

In this case, the Petitioner testified that the deceased regularly worked as a janitor until his hospitalization for his stomach cancer (Hearing Transcript "T" pp. 25, 26 lines 18–23, 17–21). There was no testimony to the effect that breathing problems prevented the miner from working (T p. 22 lines 6–10). Indeed, the Petitioner stated that the miner did not even have time for hobbies because he would work whenever he had the chance (T p. 23 lines 1–4). Moreover, the hospital records indicate that aside from his stomach problems, the miner considered his health to be good and that although he admitted having some dyspnea that he could sleep flat on his back, had denied any chronic cough and that his chest was clear on examination (DX–14 p. 7). There are, however, affidavits in the record which attest to the miner's shortness of breath and limitations therefrom (DX–6–11). The medical records, Dr. Coleman's report, and the miner's death certificate do not attest to the existence of a disabling pulmonary condition. The conflicts arising in this evidence must be resolved by the ALJ.

Director's reply br. at 12–13.

We conclude that under our circuit's decisions it is within our statutory scope of review to remand the case and we see no reason why in fairness to the parties we should not do so. Despite the weakness of the medical evidence, there was other lay testimony concerning conditions which are at least symptomatic indications of black lung disease.

Accordingly, the order of the Benefits Review Board is VACATED and the cause is REMANDED to the Benefits Review Board with directions to refer the case to an ALJ for the purpose of determining the applicability of 30 U.S.C. § 921(c)(4). SO ORDERED.