OPINION OP THE COURT
GIBBONS, Circuit Judge:
For the second time an unsecured creditor of Meade Land and Development Co., Inc., appeals from an order of the district court respecting fees awarded to counsel for the receiver and trustee of that bankrupt corporation. In the previous appeal we vacated an order affirming a bankruptcy judge’s award in the amount of $50,000 and remanded “for a redetermination [of the award], calculated, insofar as pertinent, on the basis of those hours which can be supported by records.” In re Meade Land & Dev. Co., Inc., 527 F.2d 280, 283 (3d Cir. 1975) (footnote omitted). Recognizing that time records might be unavailable for some of the services rendered, we said:
When the Bankruptcy Judge finds that good cause exists for the nonproduction of the records, he may then rely on some alternate form of proof along with his own articulated knowledge of the matter.
Id. 283-84. In the record which we reviewed in the prior appeal, the petitioner claimed to have expended 208.5 hours as attorney for the receiver and 334.5 hours as attorney for the trustee. Approximately half the time was roughly itemized, while the balance was accounted for by the general statement:
The schedules of services performed by counsel does [sic] not reflect all conferences held with interested parties, legal research, telephone calls, correspondence, conferences with the Court and visits to the site in Warrington Township . . ..
We held that such a general statement would not justify a fee award. So that no one could mistake our meaning, we reiterated:
We stress that it is the attorney’s obligation to keep and submit to the court time records supporting an application for compensation. And, absent unusual circumstances, it is the court’s independent obligation to give credit only where there are such supporting documents
Id. 284.
On remand to the bankruptcy court, the petitioner filed supplemental petitions roughly itemizing additional time above that itemized in the first fee application. Bankruptcy Judge King found records adequate to verify 108.5 hours spent as attorney for the receiver and 115.5 hours spent as attorney for the trustee. Allowing an hourly rate of $100, he awarded $22,400.
Petitioner sought review of the bankruptcy judge’s order in the district court. That court affirmed the allowance of $100 per hour for the 224 hours found to be justified by contemporaneous or reconstructed time records. But it also found 125 additional hours to be compensable. These additional hours break down as follows:
(1) correspondence 80 hours
(2) briefs objecting to secured claims of Travelers Ins. Co. and Cheltenham Nat’l Bank 15 hours
(3) conferences with Mr. Litman and Arthur Harris 20 hours
(4) review of agreements under Chap. XI 10 hours
For these hours, the district court awarded an additional $12,500. We must scrutinize each of these items.
*860 Petitioner had sought to bear his burden of documenting time (1) by presenting the bankruptcy judge with boxes of letters. The bankruptcy judge held, however, that he would not be discharging his independent obligation by speculating on the time required to produce that correspondence: “[ajttorneys should not expect the Court to tabulate fee awards from masses of raw data — such as boxes of records or correspondence.” This holding was legally correct and should not have been disregarded by the district court.
The claim for 15 hours for the services described in item (2) was disallowed by the bankruptcy judge “because no dates or times and hours per date are specified.” Our review of the record confirms that there is no proof supporting the estimate of 15 hours. Disallowance of this claim was consistent with our prior mandate and should have been affirmed by the district court as a matter of law.
As to the claim for item (3), 20 hours for conferences, the bankruptcy judge observed that 11 of these hours were duplicated in the time records for which allowance had already been made. The existence of such duplication was a finding of fact, supported by the record and not clearly erroneous. See Fed.R.Bankr.P. 810. The disallowance of the remaining 9 hours in the absence of adequate records reflecting their expenditure was consistent with our prior mandate and thus correct as a matter of law.
The bankruptcy judge also found a 5 hour duplication in the 10 hours claimed for item (4), review of agreements under Chapter XI. He disallowed the balance for inadequate documentation. The finding of duplication was not clearly erroneous, and the rejection of unverified hours was legally correct.
We conclude that the bankruptcy judge on remand complied fully and fairly with the directions which we gave in our prior opinion. His decision should not have been disturbed.
The order of the district court will be reversed and the case remanded for the entry of a judgment awarding the attorney for the receiver and trustee a fee amounting to $22,400.