Charlene EVERLY, in her capacity as Executrix of the last will of Naomi Born, Deceased, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 77–1716.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1978.

Decided Oct. 2, 1978.

William A. Kolibash, Asst. U. S. Atty., Wheeling, W.Va. (Stephen G. Jory, U. S. Atty., Elkins, W.Va., on brief), for appellee.

Allan N. Karlin, North Central West Virginia Legal Aid Society, Morgantown, W.Va., for appellant.

Before HAYNSWORTH, Chief Judge, WINTER and HALL, Circuit Judges.

PER CURIAM:

Mrs. Born sought benefits under the Black Lung Act of 1969 as the unremarried widow of a coal miner who either died of pneumoconiosis or was totally disabled by pneumoconiosis at the time of his death in 1960. The Secretary administratively de-

nied the claim, and denied it again after enactment of the 1972 amendments. After an administrative hearing, an administrative law judge made findings and recommended denial of the claim, and that became the decision of the Appeals Council. The district judge thought there was substantial evidence to support the Secretary's denial of the claim, but we disagree.

Born worked in coal mines for twenty years preceding his death. Since his death in 1960, however, most of his medical records have been lost or destroyed. A hospital destroyed its records relating to Born, and a fire in the office of his former physician destroyed other relevant materials. At the hearing, however, there was produced a death certificate stating the cause of death as a myocardial infarction and arteriosclerotic heart disease, and two x-rays, the second of which was made in 1956. That one was reread by the Secretary's physician as showing emphysema, pleural thickening, pleural calcification, and an ill-defined diaphragm. Mrs. Born testified about her husband's breathing problems, and Mrs. Frazier, a nurse who, under the supervision of a physician, had treated Born for a number of years before his death, testified about her treatment. The physician died many years before, but Mrs. Frazier described Born's lung problems. She placed inhalators in his room, gave him injections of morphine sulphate at least three times a week to ease chest pain caused by the lung problems, and gave him injections of adrenalin at an increasing rate from three to four and finally five times a week to assist his breathing. The administrative law judge found that Born had worked under a "hardship," but he concluded that Born's respiratory impairment was not totally disabling. The conclusion appears to have been based primarily upon the belief of the administrative law judge that at the time of his death Born was "working steadily."

Mrs. Born testified that some time before his death, Born became unable to shovel coal. His employer made him a "tipple boss" operating levers and with no heavy labor. She testified that though he worked, he was not really able to.

Born's earnings records were produced. The Social Security Administration records show that Born earned $5,149 in 1957, $4,598 in 1958, and $2,993 in 1959. His employer's records show generally declining quarterly earnings. The first quarter of 1960, the year in which he died, he earned only $639. Since there is no suggestion of a decrease in wage rates, the declining earnings must mean declining days and hours of work. The earnings records clearly refute the administrative law judge's finding that Born was working "steadily" until the time of his death.

Full employment up until the time of death would refute a claim of total disability from a respiratory impairment, but infrequent work and marginal earnings would not necessarily have that effect. In *Collins v. Mathews,* 547 F.2d 795, 797–98 (4th Cir. 1976), we said:

> There are certain limited circumstances under which a miner can, through sheer determination, continue to work and still qualify as totally disabled. In order to fit within this narrow category of "working disabled", it is necessary for a claimant to show that the miner's work attendance was sporadic, his performance poor, and his earnings marginal.

The Secretary has recognized that some miners do "work" after becoming totally disabled.

The testimony of the witnesses, particularly that of the nurse who treated Born for his breathing problems, makes out a substantial case for a finding of total disability from a respiratory impairment, which raises a presumption of total disability due to pneumoconiosis, 20 C.F.R. § 410.-414(b). A finding of disability is strongly reinforced by the earnings record which shows steadily declining attendance and earnings. As a tipple boss required only to move levers and do light work, steadily declining attendance substantially confirms the testimony of steadily increasing disability.

 There was a general finding by the administrative law judge that the greater weight of the evidence established the absence of total disability. If he meant that the old x-rays showing some respiratory problem but no pneumoconiosis tended to defeat the presumption, it was impermissible under our recent holding in *Petry v. Califano*, 577 F.2d 860 (4th Cir. 1978).

Once the presumption of total disability from pneumoconiosis arises from the proof, the Secretary may rebut it, but under our holding in *Petry*, old negative x-rays could not permissibly be used in a rebuttal attempt. Nor could the Secretary find that the pneumoconiosis did not arise out of Born's coal mine employment, for with his employment in the mines for over twenty years, the presumption of 20 C.F.R. § 410.-416(a) requires the conclusion that it did arise from such employment, for the Secretary had no evidence to rebut that presumption.

With the aid of the presumptions which came in with the 1972 amendments, there was a compelling case for a finding that Born was totally disabled from pneumoconiosis at the time of his death, and there is no evidentiary support for a contrary finding.

Under the circumstances, the case will be remanded to the district court with instructions to direct the Secretary to make an appropriate award of benefits to Charlene Everly, the executrix under the will of Mrs. Born.

*REVERSED AND REMANDED.*