**CONSOLIDATION COAL COMPANY, Petitioner,**

v.

**James SANATI, Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 82–1169.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1982.

Decided Aug. 4, 1983.

Rehearing Denied Oct. 13, 1983.

David Allen Barnette, Charleston, W.Va. (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for petitioner.

Susanne Marelius, U.S. Dept. of Labor, Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Washington, D.C., Asst. Counsel for Black Lung Benefits, on brief), for respondent Director, Office of Workers' Compensation Programs.

Bernard B. Lancione, Bellaire, Ohio (Steven E. Cichon, St. Clairsville, Ohio, on brief), for respondent Sanati.

Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.

WIDENER, Circuit Judge: ·

This is a review of a decision of the Benefits Review Board affirming an administrative law judge's award of black lung benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Because the ALJ and the Board applied the wrong standard in evaluating the evidence, we must remand the case for redetermination.

To receive black lung benefits, a claimant must show that he is totally disabled due to pneumoconiosis that arose out of coal mine employment. *See* 20 C.F.R. §§ 727.-201–.202 (1982). To aid the claimant in his proof, the regulations provide certain presumptions which, if available, establish his entitlement to benefits unless rebutted by the employer. *See id.* § 727–203. The issue in this case is whether, in finding in favor of the claimant, the ALJ properly invoked the presumption under § 727.-203(a)(4).

At a hearing before the ALJ, evidence was presented by both the claimant and his employer. The evidence included x-ray readings, pulmonary function studies, and arterial blood gas studies. It is undisputed that much of the evidence is contradictory. For example, there were conflicting opinions as a result of x-rays. The issue this review centers around is the fact that at least two physicians concluded that the claimant was not totally disabled as a result of pneumoconiosis, but at least one physician's conclusion was to the contrary.

In finding for the claimant, the ALJ invoked the presumption provided in § 727.-203(a)(4).[1] Under this provision, a claimant is presumed to have coal worker's pneumoconiosis if "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." The ALJ, however, invoked the presumption solely on the basis of one physician's opinion, reasoning that the documented and reasoned opinion of one physician alone requires the invocation of the presumption under (a)(4) regardless of the existence of, and without weighing, other contrary evidence. The Benefits Review Board affirmed the ALJ's determination.[2]

Invocation of the § 727.203(a)(4) presumption solely on the basis of one physician's opinion, without weighing it against other physicians' contrary opinions, is contrary to our holdings in *Sharpless v. Califano,* 585 F.2d 664 (4th Cir.1978), and *Petry v. Califano,* 577 F.2d 860 (4th Cir.1978). *Sharpless* and *Petry* involved the similar presumptions of total disability due to coal worker's pneumoconiosis provided for in 20 C.F.R. §§ 419.490(b) and 410.414(b), respectively. In both cases we held that the

---

1. The ALJ found that the pulmonary function and blood gas studies were insufficient to invoke the presumptions provided for in §§ 727.-203(a)(2) and (a)(3). He further specifically did not resolve the conflicting evidence of x-ray findings, so that § 727.203(a)(1) did not apply, there having been no biopsy.

2. In its decision and order, the Board relied in part upon *Stiner v. Bethlehem Mines Corp.,* 3 Black Lung Rep. 1–487 (1981). Consistently with the ALJ's reasoning, a divided Administrative Appeals panel, in *Stiner,* rejected a weighing of all the evidence in determining whether to invoke the presumption under § 727.-203(a)(4). *Id.* at 1–490. Rather, *Stiner* held that a single reasoned medical opinion that there is a totally disabling respiratory or pulmonary impairment requires the invocation of the presumption. *Id.*

claimant has the burden of proving by a preponderance of the evidence all the facts necessary to establish the presumption. 585 F.2d at 667; 577 F.2d at 864; *see Steadman v. SEC,* 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981). Our cases require the administrative tribunal to weigh all the evidence relevant to a fact necessary to establish a presumption before deciding to invoke the presumption. 585 F.2d at 667; 577 F.2d at 863. We note in passing that in cases involving at least two of the other presumptions set out in § 727.203(a) the Board itself has held that an ALJ must consider and weigh all the competent and relevant evidence bearing on the fact in question in determining whether to invoke the presumptions. *See Justice v. Jewell Ridge Coal Corp.,* 3 Black Lung Rep. 1–547, 1–550 (1981) (§ 727.203(a)(1)) (x-rays); *Strako v. Zeigler Coal Co.,* 3 Black Lung Rep. 1–136, 1–143 (1981) (§ 727.203(a)(2) (ventilatory tests) ).

To repeat, the presumption in question provides that a miner who has been engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis if the following medical requirement is met:

> (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment; § 727.203(a)(4).

We are of opinion it was error for the ALJ and the Board to hold that the mere existence of one such documented opinion *required* the invocation of the presumption without considering all the other evidence, including the other and contrary documented opinions. The regulations in terms require that "other medical evidence," including the physician's opinion, must establish the presence of a totally disabling respiratory or pulmonary impairment. It is the obligation of the ALJ and the Board to ascertain if such is so established. Leaving aside for the moment other evidence outside the written opinions, when, as in this case, there are at least three physicians' opinions, two of which state there is no such totally disabling impairment and one of which states that there is, then it is the obligation of the administrative tribunal to ascertain whether or not the claimant has established the presence of the impairment by a preponderance of the evidence, and in so doing to consider and weigh all three opinions.[3] The mere existence of one such opinion in the circumstances present here is insufficient to *require* the invocation of the presumption.

The order being reviewed must be vacated and the case remanded for action not inconsistent with this opinion.

**VACATED AND REMANDED.[4]**

SPROUSE, Circuit Judge, dissenting:

I respectfully dissent.

The majority opinion misconstrues the scheme of proof stated explicitly in 20 C.F.R. § 727.203. It is true this misconstruction only relates to the burden of producing evidence and the sequence in which the evidence should be considered, but in the present case a correct application of the presumption provided in 20 C.F.R. § 727.-

---

**3.** With respect to the dissenting opinion, we think that it is written with a different understanding of the administrative decision than that which we hold.

The dissenting opinion is based on the proposition that "the reasoned opinion of a single physician is sufficient evidence to invoke the presumption," p. 483.

The administrative opinion which we review holds that "the mere existence of one such documented opinion *required* the invocation of the presumption." Sl. op. p. 5. We do not quarrel with the proposition that a single opinion of a physician may be *sufficient* to invoke the presumption. What we do say is that one such opinion in the presence of other and contrary evidence may not *require* the presumption to be invoked, absent a weighing of the opinion against the other evidence.

**4.** It follows that the motion of the respondent Sanati to dismiss the appeal is denied.

203(a)(4) requires an affirmance of the Board's award of benefits.

The ALJ and the Board held that the reasoned opinion of a single physician is sufficient evidence to invoke the presumption in favor of total disability due to pneumoconiosis. The majority's disagreement with that holding is the linchpin of their opinion. My colleagues believe that all "other medical evidence," as contemplated in section 727.203(a)(4), must be weighed and must preponderate in favor of the miner before the presumption can be invoked. In my mind, this approach turns the presumption upside down, and ignores the classic procedural distinction between the burden of proof and the burden of production. The Sixth Circuit in *Prokes v. Mathews,* 559 F.2d 1057 (6th Cir.1977), succinctly expressed its rationale for this difference as applied to black lung claims:

> The claimant has the burden of proving his entitlement to benefits, and the effect of the presumption is to assist him in carrying this burden. In effect, if the requirements of § 921(c)(4) are met, the claimant has made out a prima facie case of presumed pneumoconiosis, and the burden of going forward shifts to the Secretary to produce evidence sufficient under the same section to rebut the presumption. These are the usual functions of a statutory presumption—to assist one having the burden of proof and to shift the burden of going forward with evidence to the other party.

*Id.* at 1060.

In the instant case, Sanati unquestionably had the ultimate burden of proving total disability, but in presenting his evidence a presumption arose in his favor when he produced the favorable documented opinion of a physician exercising "reasoned medical judgment." At that point it was incumbent upon the employer to offer evidence in rebuttal, as provided in 20 C.F.R. § 727.-203(b). After the rebuttal, the ALJ must weigh the entire evidence and determine whether the claimant has established disability by a preponderance of the evidence. This was the exact procedure used by the ALJ and approved by a majority of the Board. In many cases, this procedural requirement amounts to little more than an evidentiary "minuet," for once all the evidence is introduced, the order in which the parties have introduced it makes little difference. It is not weighed piecemeal, but in its entirety.

Normally, then, my disagreement with the majority would have been over form rather than substance, requiring no formal expression of dissent. The majority's resolution of the issue in this case, however, necessitates a remand and at least delays the miner's benefits previously awarded him.

The majority is correct in intimating that evidence of ventilatory studies or of blood gas studies must be weighed prior to invoking the presumptions provided in sections 727.203(a)(2) and (3), respectively. A review of the regulations defining those presumptions, however, buttresses the argument that it is incorrect to require a weighing of "other medical evidence" before invoking the section 727.203(a)(4) presumption. The requirements for establishing the presumption by presentation of ventilatory studies, blood gas studies, and "other medical evidence" are stated in 20 C.F.R. § 727.-203(a)(2)–(4). Those sections provide:

> (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease ... as demonstrated by [$FEV_1$,MVV] values which are equal to or less than the values specified in [a table].
>
> (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values [below certain arterial $pCO_2$ levels].
>
> (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment. ...

484

Subparagraphs (2) and (3) explicitly require that all the ventilatory or blood gas "studies" establish the presumption. Subparagraph (4) is equally explicit in defining "the documented opinion of a physician" as sufficient to invoke the presumption that is the focus of our decision. Nor is the sufficiency of a single increment of medical evidence to invoke a statutory black lung presumption a novel concept. *See Singleton v. Califano,* 591 F.2d 383 (6th Cir.1979); *Henson v. Weinberger,* 548 F.2d 695 (7th Cir. 1977); *Bozwich v. Mathews,* 558 F.2d 475 (8th Cir.1977). In the present case, the plain language of the regulation requires the same conclusion.