**Rudolph COMBS, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 83–3865.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 25, 1984.

Decided Jan. 9, 1985.

Rehearing and Rehearing En Banc Denied April 5, 1985.

Neville Smith, argued, Manchester, Ky., for petitioner.

Agnus Kurtz, Clerk, Benefits Review Bd., Troy B. Smith, Roscoe Bryant, J. Michael O'Neill, argued, U.S. Dept. of Labor Office of the Sol., Washington, D.C., for respondent.

Before EDWARDS and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

Petitioner-appellant, Rudolph Combs, is an ex-coal miner who worked in deep mines over 10 years. He has a wife and two children. There is ample medical evidence that he has silicosis and as the Administrative Law Judge found, he is clearly entitled to the statutory presumption to that effect. He also has a back injury which does not prevent his taking advantage of the pneumoconiosis presumption which is statutorily available to him. In particular, it should be noted that he went back to work after his back injury. He had to quit work, however, as the ALJ found "because he felt he no longer had the strength or breath to do the work."

■ The medical evidence of record consists of two pulmonary function studies, three x-rays, a blood gas-study, and three medical reports. The ALJ, relying on the first pulmonary function study, found that Combs qualified for the interim presumption under 20 C.F.R. § 727.203(a). The ALJ went on to find, however, that the presumption had been rebutted by the three medical reports. None of the medical reports found Combs to be not disabled. Two of the reports, each based on separate x-rays, diagnosed Combs as suffering from "pneumoconiosis, simple, state I–II" and "Category I pneumoconiosis," respectively. The third medical report, that from Dr. Becknell, who examined Combs *at the request of the Director of the Department of Labor*, found "minimal to no" pneumoconiosis while at the same time noting as to Combs: "If walks 25 ft, smothers; If climbs 1 flight of stairs get S.O.B. [short of breath]; If bends over and picks up 30 lbs. hurts back and get S.O.B.; If carries 30 lbs. 25 ft. smothers; Gradually began 7–8 years ago and has steadily worsened."

On the record of this case, Combs is clearly entitled to the statutory presumption. No doctor testified that Combs did not have pneumoconiosis or was not disabled thereby.

We therefore follow the law of the Sixth Circuit as stated for a unanimous panel by Chief Judge Lively in *Ansel v. Weinberger*, 529 F.2d 304, 309–10 (6th Cir.1976):

■ The Secretary contends that the presumption was rebutted by evidence which established that Claude Ansel did not have pneumoconiosis. He relies on the negative findings of three radiologists who examined X-rays and the pulmonary studies. It is obvious that the negative X-rays may not be relied upon to rebut the presumption of Section 921(c)(4). If he had been able to produce a positive X-ray, there would have been no need to invoke the presumption. The very existence of a negative X-ray is a prerequisite to reliance upon the presumption of pneumoconiosis as established by other evidence. Furthermore, under the 1972 amendment, negative X-ray evidence may not be the sole basis for a denial of benefits. 30 U.S.C. § 923(b). Nor do we believe the presumption of Section 921(c)(4) can be rebutted by showing that pneumoconiosis was not established by pulmonary function studies. The regulation which establishes the levels required for a finding of disabling pneumoconiosis on the basis of a ventilatory study does not purport to provide proof of the nonexistence of pneumoconiosis. Once Claude Ansel produced evidence which entitled him to the presumption of Section 921(c)(4), that presumption could be rebutted only by establishing that he did not have pneumoconiosis, there being no contention that his impairment did not arise out of employment in the mines. In view of the

unequivocal testimony of Dr. Bope, it appears that the Secretary would have been required at least to produce a medical opinion that Mr. Ansel did not have pneumoconiosis in order to rebut the presumption. No such testimony appears in this record. *See Whitson v. Finch*, 437 F.2d 728, 732 (6th Cir.1971).

 Equally unavailing is the argument that the administrative law judge's finding of no total disability rebuts the presumption. Once it has been established that an applicant is entitled to the presumption of Section 921(c)(4), that determination includes a finding of total disability, and arguments that the applicant was not totally disabled may not be the basis of rebutting the presumption.

 We believe that the district court failed to distinguish between "true" statutory pneumoconiosis, which can be directly proven by X-ray and biopsy, and "presumed" pneumoconiosis which exists when an eligible applicant is totally disabled because of pulmonary or respiratory impairment but cannot prove "true" pneumoconiosis.[1] To hold that presumed pneumoconiosis is rebutted by evidence which merely precluded a finding of true pneumoconiosis would render the presumption of Section 921(c)(4) a nullity.

The judgment of the district court is vacated and the case is remanded for entry of an award of disability benefits.

_____
[1] Quotation marks are being used because the Act awards benefits on the basis of legal, not technical medical definitions of pneumoconiosis.

For the reasons set forth above, we reverse and remand this case to the Director, Office of Workers' Compensation Programs for the award of benefits.

BOYCE F. MARTIN, Jr., Circuit Judge, dissenting.

I respectfully dissent. I have no quarrel with *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir.1976), the leading case on presumptions of pneumoconiosis. I object instead to the majority's initial invocation of the presumption.

The presumption in this case is not the statutory presumption involved in *Ansel*, 30 U.S.C. § 921(c)(4), but the Department of Labor's interim presumption, 20 C.F.R. § 727.203, which states in relevant part:

(a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least ten years will be presumed to be totally disabled due to pneumoconiosis ... if one of the following medical requirements is met:

. . . . .

(2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in § 410.-412(a)(2) of this title) as demonstrated by values which are equal to or less than the values specified in the following table:

| | $FEV_1$ | MVV |
|---|---|---|
| . . . . | | |
| 73″ or more | 2.7 | 108 |

The $FEV_1$ value, or forced expiratory volume in one second, measures the volume of air the claimant can expire in one second, while the MVV value, or maximum voluntary ventilation, measures the total volume of air expelled over a period of one minute during repetitive maximal respiratory effort. Solomons, *A Critical Analysis of the Legislative History Surrounding the Black Lung Interim Presumption and a Survey of Its Unresolved Issues*, 83 W.Va. L.Rev. 869, 879 nn. 33–34 (1981). Although ventilatory studies have been criticized in the legal literature as more subject to the claimant's performance, age, and history of smoking than the presence or absence of pneumoconiosis, the validity of the interim presumption is not before us. *See* Lapp, *A Lawyer's Medical Guide to Black Lung Litigation*, 83 W.Va.L.Rev. 721, 738–39 (1981) (smoking); Smith & Newman, *The Basics of Federal Black Lung Litigation*, 83 W.Va.L.Rev. 763, 782 (1981) (performance); Solomons, *supra*, at 880–81 (age).

No ventilatory study is sufficient to invoke the interim presumption unless it met the quality standards applicable at the time

it was submitted. 20 C.F.R. § 727.206(a). The quality standards applicable to this case are set forth in 20 C.F.R. § 410.430, which reads in relevant part:

> The reported maximum voluntary ventilation (MVV) or maximum breathing capacity (MBC) and 1-second forced expiratory volume ($FEV_1$) should represent the largest of at least three attempts.... The three appropriately labeled spirometric tracings, showing distance per second on the abscissa and the distance per liter on the ordinate, must be incorporated in the file.

The laboratory test on which Combs relies was made by Howard Jones, a laboratory technician, on May 5, 1971, at the Appalachian Regional Hospital in Middlesboro, Kentucky. It produced an $FEV_1$ reading of 1.8 and an MVV reading of 59.88. The attached tracing indicates that only one attempt was made on each test. According to the clear words of the regulations, Combs is not entitled to the presumption.

Although this is dispositive of Combs's claim, the Director, Office of Workers Compensation Program, United States Department of Labor, also argues for reversal on the ground that the Jones ventilatory test should have been weighed against a later test by Dr. R.P. O'Neill, made on June 19, 1971, before invoking the presumption. The O'Neill test produced an $FEV_1$ of 3.62 and an MVV of 114.58, which are within normal values. The proper tracings are attached, showing that three attempts were made for each value.

In *Dickson v. Califano*, 590 F.2d 616, 621 (6th Cir.1978), this Court applied the similar presumption in 20 C.F.R. § 410.490(b)(1)(ii) on the basis of only one qualifying ventilatory study when two earlier studies did not qualify. But *Dickson* applied the presumption without discussion or analysis; thus, I cannot tell whether the court held that any qualifying test will invoke the presumption, or instead found the later test to be of greater weight than the earlier tests. The earlier tests were made nearly two years before the qualifying test and should in any case have been given less weight, because of the progressive nature of this disease.

This court has in the past ruled that a single qualifying X-ray will invoke the interim presumption under 20 C.F.R. § 410.490(b)(1)(i). *E.g., Hatfield v. Secretary of Health & Human Services*, 743 F.2d 1150, 1155 (6th Cir.1984). It has not, however, squarely confronted the issue whether ventilatory studies must be weighed before invoking the interim presumption under 20 C.F.R. § 727.203(a)(2). Although it is unnecessary to decide that issue in this case, as there is no basis under the regulations for granting benefits in any event, I note that the Benefits Review Board and apparently the Fourth Circuit would require such a weighing of evidence. *See Consolidation Coal Co. v. Sanati*, 713 F.2d 480 (4th Cir.1983); *Crapp v. United States Steel Corp.*, 6 Black Lung Rep. 1–476 (Benefits Rev.Bd.1983); *Strako v. Zeigler Coal Co.*, 3 Black Lung Rev. 1–136, 1–143 (Benefits Rev.Bd.1981).

I would affirm the denial of benefits.