787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GLENDALE CONN, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR and NATIONAL MINES
CORPORATION, Respondents.
 85-3249
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 AFFIRMED
 Ben.Rev.Bd.
 ON PETITION FOR REVIEW OF A DECISION AND ORDER OF THE BENEFITS REVIEW BOARD
 Before: MARTIN and KRUPANSKY, Circuit Judges; and CHURCHILL,* District Judge.
 PER CURIAM.
 
 
 1
 Glendale Conn petitions for review of the Benefits Review Board's decision and order upholding an administrative law judge's denial of Conn's claim for disability benefits under Part C of Title IV of the Black Lung Benefits Act. 30 U.S.C. Secs. 900 et seq.
 
 
 2
 The administrative law judge found Conn ineligible for benefits under the Act because Conn failed to prove that he was employed by a coal mine for ten or more years. The administrative law judge also found that the x-ray evidence as a whole did not establish the presence of pneumoconiosis. We believe that these findings were supported by substantial evidence, and that the Benefits Review Board's decision was correct.
 
 
 3
 Conn worked in coal mines between October, 1964, and June 1, 1976--almost twelve years if he had been employed on a full-time basis. However, Conn's claim form indicates that his coal mine work from 1965 to 1969 was 'off and on.' From the end of 1965 until the beginning of the third quarter of 1966, he worked in non-coal mine employment. He did not work at all in the second quarter of 1965 and was paid primarily for non-coal mine work in the third quarter of 1965. Because he had injured his back, Conn's coal mine work between 1970 and 1976 was intermittent.
 
 
 4
 To invoke the interim presumption of disability under the Act, Conn must prove by a preponderance of the evidence that he worked ten full years in coal mine employment and is afflicted with pneumoconiosis. See Consolidation Coal Co. v. Sanati, 713 F.2d 480 (4th Cir. 1983). Marcus v. Old Ben Coal Co., 712 F.2d 322, 324 (7th Cir. 1983); Peabody Coal Co. v. Benefits Review Board, 560 F.2d 797, 802 (7th Cir. 1977). The evidence is clearly inadequate to support a finding of ten years of employment. Rather, substantial evidence supports the administrative law judge's finding that Conn failed to prove that he had been employed in a coal mine for ten or more years.
 
 
 5
 With regard to the medical evidence, the record contains twelve chest x-ray readings of which seven were negative for pneumoconiosis, four were positive and one was unreadable. Of the seven negative readings, all were performed by a physician who was both a 'B' reader and Board Certified Radiologist. The positive readings were not performed by a 'B' reader. Thus, all of the expert readings were negative for pneumoconiosis. Therefore, the finding of the administrative law judge is supported by substantial evidence. The decision of the Benefits Review Board is affirmed.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation