**Judge PATTON, Petitioner,**

v.

**NATIONAL MINES CORPORATION, et al., Respondents.**

No. 85–3781.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1987.

Decided Aug. 3, 1987.

Rehearing and Rehearing En Banc Denied Sept. 16, 1987.

J. Logan Griffith, Stevens, Griffith & Hunt, Prestonsburg, Ky., Albert Burchett (argued), for petitioner.

Michael J. Denny, U.S. Dept. of Labor, John L. Kilcullen, Kilcullen, Wilson & Kilcullen, Mark E. Solomons (argued), Arter & Hadden, Washington, D.C., for respondent.

Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this case arising under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (1982), petitioner Judge Patton appeals from the Benefits Review Board's denial of benefits. The main issue is whether the administrative law judge's invocation and rebuttal of a presumption of entitlement contained in the applicable regulations was correct.

**I.**

Judge Patton filed an application for benefits under the Act with the Department of Labor on January 31, 1978. The claim was denied on July 17, 1979. After the claim was denied, it was referred to the Office of Administrative Law Judges pursuant to Judge Patton's request. Following a hearing on July 21, 1982, Administrative Law Judge Julius A. Johnson held, in a decision dated May 25, 1983, that Judge Patton was ineligible for black lung benefits. The Ben-

efits Review Board approved this decision on September 3, 1985.

Regulations promulgated under the Black Lung Benefits Act establish a rebuttable presumption of entitlement pursuant to 20 C.F.R. § 727.203(a) (1986) which provides in pertinent part:

§ 727.203  Interim Presumption.

(a) *Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis,* or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:

\*    \*    \*    \*    \*    \*

(4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment....

(emphasis added.)

The presumption established under § 727.203(a) can be rebutted only in one of the ways specified in § 727.203(b):

(b) *Rebuttal of interim presumption.* In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:

\*    \*    \*    \*    \*    \*

(2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work....

Judge Patton began working in coal mine employment in 1955 and continued until his retirement in November 1977. The ALJ found that Judge Patton worked in coal mine employment for seventeen years.

During the last seven years of his employment, Judge Patton was classified as a roof bolter. He was exposed to coal dust and experienced shortness of breath since approximately 1973. Claimant also suffered a back injury in September 1976 and

only worked about three months between that event and his retirement.

The ALJ basically relied on four medical reports in denying Judge Patton benefits. Drs. Clarke, Varney, O'Neill and Penman all diagnosed pneumoconiosis. However, there is significant difference of opinion as to the claimant's disability from the disease. Drs. Clarke and Varney both found the claimant to be totally disabled due to the pneumoconiosis. Drs. O'Neill and Penman found that the claimant was able to perform his usual coal mine employment.

## II.

The ALJ analyzed the claimant's eligibility for benefits primarily under the Part C regulations. *See* 20 C.F.R. §§ 725, 727 (1986). The ALJ found that Judge Patton was eligible to invoke the interim presumption of pneumoconiosis pursuant to § 727.203(a)(4) based on a single physician's report. This raises the question of whether the ALJ was correct in invoking the § 727.203(a)(4) presumption on the basis of a single documented, well-reasoned physician's report. Relying on the Board decision in *Stiner v. Bethlehem Mines Corp.*, 3 Black Lung Rep. 1–487 (1981), the ALJ stated that "[t]he presumption is raised where other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment. A single such opinion constitutes a *prima facie* case entitling the claimant to the presumption." Joint Appendix 85.

Applying this analysis, the ALJ invoked the presumption based on the medical report of Dr. William Clarke. Dr. Clarke made the following findings according to the ALJ:

Dr. Clarke noted claimant's symptoms of productive cough and shortness of breath and his smoking history of one pack a day for twenty years. He conducted an electrocardiogram, which was normal, and a ventilatory study which he interpreted as showing evidence of severe obstructive airway disease. He in-

terpreted a chest x-ray as demonstrating the presence of pneumoconiosis and emphysema. On the basis of his physical examination and clinical testing, Dr. Clarke concluded that claimant was totally disabled for all manual labor....

Joint Appendix 85.

The basic issue presented by this appeal concerns what constitutes a sufficient basis for invoking the § 727.203(a)(4) presumption. At the time of the ALJ's decision in 1983, the Board practice was that the presence of a single documented, well-reasoned medical opinion represented an adequate basis for invoking the § 727.203(a)(4) presumption. *See Stiner,* 3 Black Lung Rep. at 1–487. The propriety of this Board practice was questioned by a panel of the Fourth Circuit in *Consolidation Coal Co. v. Sanati,* 713 F.2d 480 (4th Cir.1983), *overruled Stapleton v. Westmoreland Coal Co.,* 785 F.2d 424 (4th Cir.1986) (en banc) (per curiam, with plurality opinions). The panel decision in *Sanati* held that proper invocation of the § 727.203(a)(4) presumption on the basis of a single medical report in the face of other contradictory reports required the ALJ "to weigh the conflicting evidence before determining whether the presumption has been triggered." *Stapleton,* 785 F.2d at 434 (Hall, J., plurality).

The practice of the Benefits Review Board subsequently conformed to the *Sanati* rationale. In *Meadows v. Westmoreland Coal Co.,* 6 Black Lung Rep. 1–773 (1984), the Board, overruling its earlier decision in *Stiner,* held that before a single medical opinion may be relied on to invoke the § 727.203(a)(4) presumption, that opinion must be "weighed ... against the other medical opinions...." *Id.* at 1–779.

Since the Board's decision in *Meadows,* the Fourth Circuit has expressly overruled *Sanati* "insofar as it holds that one qualifying physician's opinion does not necessarily invoke the presumption...." *Stapleton,* 785 F.2d at 427. *Stapleton* held that "the interim presumption under § (a)(4) is established by one qualifying physician's opinion, i.e., one that meets the regulations' requirements" of being documented and well-reasoned. *Id.* at 426. Judge Hall's plurality opinion for the court relied on Congressional intent as reflected in the legislative history of the Act as well as the interim presumption's evidentiary purpose of shifting the burden of proof. Judge Hall reasoned that the *Sanati* rationale results in the creation of a presumption which is essentially irrebuttable, a result clearly not contemplated by Congress or the drafters of the regulations. *Id.* at 432.

The Seventh Circuit in *Amax Coal Co. v. Director,* 801 F.2d 958 (7th Cir.1986), has followed the Fourth Circuit decision in *Stapleton. Amax* held that a single credible documented opinion of a physician that finds a totally disabling respiratory or pulmonary impairment is sufficient to invoke the § 727.203(a)(4) presumption. 801 F.2d at 962. The Third Circuit has also followed *Stapleton,* holding that the claimant was "entitled to the benefit of the interim presumption so long as there was at least one qualifying ... physician's opinion." *Revak v. National Mines Corp.,* 808 F.2d 996, 1003 (3d Cir.1986).

All the circuit courts which have directly addressed this question, therefore, have determined that it is proper for the ALJ to invoke on the basis of a single documented, well-reasoned medical report and that it is not necessary for the ALJ to weigh the positive reports against the negative reports before invoking the presumption.[1]

---

1. Although this Court has previously been presented the issue raised in this case regarding the invocation of § 727.203(a)(4) presumption on the basis of a single documented, well-reasoned medical report, it has never decided the issue. In *Moseley v. Peabody Coal Co.,* 769 F.2d 357 (6th Cir.1985), the issue of whether the ALJ had properly invoked the presumption on the basis of a single medical report was raised. However, at that time Board practice on the issue was in flux and the Court avoided the question stating, "[i]n light of recent court decisions ... the Board has discontinued this practice." *Id.* at 359. The Court ultimately decided *Moseley* on an interpretation of 727.203(a)(1). In another case, a panel of this Court remanded this issue for Board clarification of its policy where such policy seemed to be evolving. *See Bozick v. Consolidation Coal Co.,* 735 F.2d 1017, 1018 (6th Cir.1984).

Moreover, in *Revak,* the Third Circuit characterized our decision in *Engle v. Director,* 792 F.2d 63 (6th Cir.1986), as deciding that the evi-

However, the United States Supreme Court has recently granted certiorari in *Stapleton* which so held. *Stapleton v. Westmoreland Coal Co.*, 785 F.2d 424 (4th Cir.1986), *cert. granted, Mullins Coal Co. v. Director,* —— U.S. ——, 107 S.Ct. 871, 93 L.Ed.2d 826 (1987).

■ In light of the foregoing developments with respect to invocation under § 723.203(a)(4) on the basis of a single physician's report, we consider it appropriate to remand the case for further consideration of its policy in this area. There is precedent in this Circuit for such a remand where the black lung law is in flux. *See Bozick v. Consolidation Coal Co.*, 735 F.2d 1017, 1018 (6th Cir.1984) (remanding case to Board to consider what is now required for petitioner to raise interim presumption in light of change in law). Ordinarily, we defer to an agency's consistent interpretation of its own regulations unless "plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945). In this case, this principle of deference requires us to remand for a determination of what Board policy will be in light of the recent court decisions in this area.

We intimate no view as to whether continued adherence by the Board to its position enunciated in *Meadows* would be correct in light of consistent recent circuit court decisions to the contrary. Rather, we merely seek clarification of the Board's position on this issue. Given the confusion in this area, the Board should give careful consideration to this question which arises in a substantial number of Part C cases. More broadly, the Board should establish a clear and rational standard for invoking the presumptions under § 727.203(a) which also takes into consideration rebuttal under § 727.203(b). In other words, the Board needs to develop an integrated scheme where the invocation and rebuttal sections mesh and do not operate at cross-purposes. The invocation and rebuttal sections should provide a coherent and logical framework for analyzing claims which gives clear guidance both to litigants and the administrative law judges.

### III.

Finally, should the ALJ invoke the § 727.203(a)(4) presumption on remand, this will raise the issue of what constitutes proper rebuttal of the presumption. The ALJ previously held that the presumption may not be rebutted by §§ 727.203(b)(1), (3) or (4) on the facts of this case. Therefore, if the presumption is raised, it may only be rebutted by the § 727.203(b)(2) presumption concerning the ability to do "his usual coal mine work or comparable gainful work." In the original opinion, the ALJ only considered pneumoconiosis as evidence of disability under § 727.203(b)(2). The ALJ stated that "the presumption is rebutted pursuant to § 727.203(b)(2) where the evidence establishes that the pneumoconiosis *alone* is not totally disabling" (Joint Appendix 87–88, emphasis added).

■ This is not the law of this Circuit after *York v. Benefits Review Board,* 819 F.2d 134 (6th Cir.1987). In *York,* the Court held that § 727.203(b)(2) rebuttal may not be accomplished solely on the basis of evidence that the claimant does not suffer from a totally disabling respiratory impairment but must instead consider evidence of all of claimant's physical impairments. Thus, in light of *York,* the Board on remand may only rebut under § 727.203(b)(2) if considering all of claimant's physical impairments, claimant is not totally disabled.

The ALJ found further that claimant was not entitled to relief under 30 U.S.C.

dence in each category of § 727.203(a) must be weighed before invocation of the presumption is proper. We disagree with this interpretation of *Engle. Engle* was a "substantial evidence" case and did not address the proper standard for invoking the presumption. Moreover, on the specific question of whether the § 727.203(a)(4) was properly invoked in that case, the Court held that it was not because *none* of the medical reports would be sufficient to invoke the presumption. *See Id.* at 64 n. 1. Therefore, the question of whether a single medical report which met the regulatory standard would be sufficient to invoke the presumption was clearly not decided by *Engle.*

§ 921(c)(4) [2] as well as under the Part B regulations promulgated under the Act. *See* Joint Appendix 89 (citing 30 U.S.C. § 921(c)(4) (1982); 20 C.F.R. §§ 410.410, 410.414, 410.424, 410.426 (1986)). These findings were predicated on the earlier findings of no disability pursuant to rebuttal under § 727.203(b)(2). As discussed above, this earlier finding of no disability under (b)(2) was erroneous in light of *York*. On remand, the Board must therefore reconsider claimant's eligibility for benefits under 30 U.S.C. § 921(c)(4) of the Act and the Part B and C regulations.

Accordingly, we remand to the Board for reconsideration in light of this opinion.

**2.** The ALJ specifically found that the claimant had worked in the coal mines for over 17 years; hence, if the claimant meets other requirements of § 921(c)(4), he would be entitled to benefits under that statutory section. Joint Appendix 83.